O’MALLEY, Circuit Judge, with whom WALLACH and STOLL, Circuit Judges, join, concur in the denial of the petition for rehearing en banc.
*433 NEWMAN, Circuit Judge, dissents from the denial of the petition for rehearing en banc.
ORDER
PER CURIAM.
Appellant Merck & Cie filed a petition for-rehearing en banc. A response to the petition was invited by the court and filed by the appellees Gnosis S.p.A., Gnosis Bioresearch S.A., and Gnosis U.S.A., Inc.
The petition was referred to the panel that heard the appeal, and thereafter the petition and response were referred to the circuit judges who are in regular active service. A poll was requested, taken, and failed.
Upon consideration thereof,
It Is Ordered That:
The petition for rehearing en banc is denied.
The mandate of the court will issue on May 3, 2016.
O’MALLEY, Circuit Judge, with whom WALLACH and STOLL, Circuit Judges, join, concurring in the denial of the petition for rehearing en banc.
The panel majority considered whether the Patent Trial and Appeal Board’s conclusion that the contested claims of the patent-in-suit are invalid as obvious was supported by substantial evidence. Merck & Cie v. Gnosis S.P.A., 808 F.3d 829, 833 (Fed.Cir.2015). Merck now urges this court to sit en banc to decide whether application of a more searching standard of review — clear error — is required for appeals from inter partes review proceedings (“IPR”) under the America Invents Act (“AIA”). While I understand Merck’s concerns, and those of the dissent, I do not believe we can alter our standard of review for Board decisions, even via en banc consideration.
I agree that application of the substantial evidence standard of review is seemingly inconsistent with the purpose and content of the AIA. This court is bound by binding Supreme Court precedent — Dickinson v. Zurko, 527 U.S. 150, 119 S.Ct. 1816, 144 L.Ed.2d 143 (1999) — and this court’s own — In re Gartside, 203 F.3d 1305 (Fed.Cir.2000) — to apply the substantial evidence standard of review to factual findings by the Board, however. Because Congress failed to expressly change the standard of review employed by this court in reviewing Board decisions when it created IPR proceedings via the AIA, we are not free to do so now.- I, thus, concur in the denial of en banc rehearing in this case because there is nothing that could come of our en banc consideration of the- question posed. I write separately, however, because I agree with the dissent to the extent it argues that a substantial evidence standard of review makes little sense in the context of an appeal from an IPR proceeding. But the question is one for Congress.
Discussion
Before Dickinson v. Zurko, this court had a “settled practice of reviewing factual findings of the board’s patentability determinations for clear error.” In re Zurko, 142 F.3d 1447, 1458 (Fed.Cir.1998) (en banc). In Dipkinson,- the Supreme Court disagreed, “conclud[ing] that [5 U.S.C. § 706 of the APA] does apply [to Board findings], and the Federal Circuit must use the framework set forth in that section.” Zurko, 527 U.S. at 152, 119 S.Ct. 1816.
In In re Gartside, we followed Zurko, concluding “that we must apply one of the standards set forth in the [APA].” 203 F.3d at 1311. Section 706 lays out two such standards: “arbitrary[ and] capri *434 cious” and “substantial evidence.” 5 U.S.C. § 706(2)(A), (E). Between these, we concluded that the relatively more searching “substantial evidence” standard is appropriate for review of factual findings by the Board. We came to this conclusion based on the language of both the APA and Title 35.
The APA provides that “substantial evidence” review is afforded to agency fact-finding “reviewed on the record of an agency hearing provided by statute.” 5 U.S.C. § 706(2)(E). Title 35 gives the Federal Circuit the authority to review Board decisions:
Section 144 explicitly provides that we must review Board decisions “on the record” developed by the PTO, see 35 U.S.C. § 144 (1994) (“The United States Court of Appeals for the Federal Circuit shall revieiv the decision from which an appeal is taken on the record before the Patent and Trademark Office.”) (emphasis added), and it is for this reason that the Commissioner is required to convey the record to us in the event of an appeal, see id. § 143. Moreover, the “hearing” upon which the “record” is based is “provided by” 35 U.S.C. § 7(b)....
In re Gartside, 203 F.3d at 1313. In light of §§ 7 and 144 of Title 35, we concluded that “we review Board decisions ‘on the record of an agency hearing provided by statute,’ and that we should therefore review Board factfinding for ‘substantial evidence.’ ” Id.
In light of In re Gartside, this court consistently has reviewed all of the Board’s factual findings, including those in IPRs, for substantial evidence. See Pet. for Reh’g 5 (“[E]very Federal Circuit decision stemming from an IPR has applied the ‘substantial evidence’ standard.... ”). I continue to believe that In re Gartside controls our standard of review for all Board proceedings, including those under the AIA.
It is true that, when authorizing IPR proceedings under the AIA, Congress created an adjudicative process involving a petitioner, a respondent, and a merits proceeding culminating in a deliberative resolution by administrative judges. It is also true that Congress viewed IPR proceedings as cost-efficient substitutes for litigation in federal district courts. The AIA’s legislative history reflects this fact:
The overarching purpose and effect of the present bill is to create a patent system that is clearer, fairer, more transparent, and more objective. It is a system that will ultimately reduce litigation costs and reduce the need to hire patent lawyers.....
By allowing post-grant review of patents, especially low quality, business method patents, the bill creates an inexpensive substitute for district court litigation and allows key issues to be addressed by experts in the field.
157 Cong. Rec. S5319 (daily ed. Sept. 6, 2011) (statement of Sen. Kyi) (emphasis added). See also, 157 Cong. Rec. S1053 (daily ed. Mar. 1, 2011) (statement of Sen. Whitehouse) (“[T]he bill will improve administrative processes so that disputes over patents can'be resolved quickly and cheaply without patents being tied up for years in expensive litigation.”); 157 Cong. Rec. S1326 (daily ed. March 7, 2011) (statement of Sen. Sessions) (“This will allow invalid patents that were mistakenly issued by the PTO to be fixed early in their life, before they disrupt an entire industry or result in expensive litigation.”).
To the extent IPR proceedings were intended to replace district court litigation, it would make sense for this court to review factual findings by the Board in these new IPR proceedings under the same standard we employ when reviewing factu *435 al findings of district judges — for clear error.
Indeed, throughout Zurko, the Supreme Court refers to clear error 'review as “court/court” review and to other 'standards of review contemplated by the APA ás “court/agency” review. If Congress meant to create an adversary, party-instituted proceeding to consider what would otherwise be considered by district courts, it follows that review of á decisión regarding patentability issued in an IPR could be viewed more like “court/court” review.
While we have' always reviewed decisions in inter partes reexaminations for substantial evidence, those proceedings are different in character. Inter partes reexamination requests were assigned to a patent examiner in the Central Reexamination Unit trained'in the same field-of art in the initial prosecution, MPEP § 2636 (Eighth Edition, Revision 9, August 2012), and were decided initially by those examiners. IPRs, instead, are reviewed in the first instance by three technically-trained Administrative Patent Judges from the Board. 37 C.F.R. § 42.108. Once IPR is instituted, unlike in inter partes reexaminations, the Board applies the Federal Rules of Evidence, 37 C.F.R. § 42.62(a), it oversees various discovery obligations, 37 C.F.R. § 42.51, and it hears oral argument, 37 C.F.R. § 42.70. And where appeals from inter partes reexaminations were first made to the Board of Patent Appeals and Interferences, 35 U.S.C. § 134 (pre-AIA), appeals from IPRs are made directly to the Federal Circuit, 35 U.S.C. § 141. Congress did not merely state in legislative hearings that IPRs were meant to substitute for district court proceedings, it enacted substantive and procedural changes that brought IPR proceedings in - line with district court proceedings in meaningful ways. .
The ALA directs the -Board to determine whether a petitioner in an IPR proceeding has met its “burden of proving a proposition of unpatentability by a preponderance of the evidence.” .35 U.S.C. § 316(e). It did not provide any such directive to this court, however. Merck argues that, “[because Congress intended PTAB rulings to be reviewed for correct application of the standard of proof established by the ALA — preponderance of the evidence — this court must review the rulings for ‘clear error,’ not substantial evidence.” Pet. for Reh’g 10. The fact that it might have made sense for Congress to change our standard of review for IPRs does not mean it did so.
While the failure to change our standard of review is seemingly inconsistent with what Congress sought to accomplish by creating IPR proceedings and may have been an oversight, it is not an inconsistency or oversight I believe we can correct. I believe- we continue to be bound by the Supreme Court’s decision in Zurko absent an express directive to the contrary. See Zurko, 527 U.S. at 155, 119 S.Ct. 1816 (relying on the “congressional specification in- the APA that ‘[n]o subsequent legislation shall be held to supersede or modify the provisions of this Act except to the extent that such legislation shall do so expressly.’ ” (emphasis added)). I also believe that IPRs are “agency hearing[s] provided by statute” within the meaning of In re Gartside.'
As the dissent to the panel opinion points out, Congress knows well how to expressly address the level of review by an Article III court of a determination by an administrative agency, such as the Board. See Merck & Cie v. Gnosis S.P.A., 808 F.3d 829, 841 (Fed.Cir.2015) (Newman, J., dissenting) (noting that Congress has “adopted [the preponderance of the evidence standard] in other special situations. *436 For example, Under the Service Contract Act, ‘[i]f supported by a preponderance of the evidence, the [agency’s] findings are conclusive in any court of the United States. 41 U.S.C. § 6507(e) (formerly 41 U.S.C. § 39).”). Though it may someday do so, Congress did not make such a clear statement in the AIA.
Unless and until Congress or the Supreme Court sees fit to change our standard of review expressly, we must continue to review factual findings of the Board for substantial evidence.